IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

    Plaintiff-Appellee,

v.                        No. 29,454

PHOEBE GARCIA,

    Defendant-Appellant,

APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY
Thomas J. Hynes, District Judge

Gary K. King, Attorney General
Margaret McLean, Assistant Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Nancy M. Hewitt, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Defendant appeals the district court order denying her motion to dismiss the State's probation revocation petition, finding that Defendant violated the terms of her probation, continuing Defendant's probation, and ordering Defendant to complete

treatment at Totah Behavioral Treatment Program. [RP 83] We proposed to reverse. In response, the State filed a memorandum in opposition. We have duly considered the State's arguments, but we are not persuaded by them. We therefore reverse.

Defendant entered into a plea agreement with respect to the original charges in this case. She was sentenced, her sentence was suspended, and she was placed on probation for three years. While on probation, Defendant was arrested for intoxication, which was in violation of the conditions of her probation. A report was filed, and the district court entered an order directing the State to file a motion to revoke Defendant's probation or file a notice of its intent to not pursue the violation of probation. The State filed a motion to revoke Defendant's probation. However, an adjudicatory hearing on the petition was not held within the time limits under Rule 5-805(H) NMRA. Because a timely adjudicatory hearing was not held, Defendant filed a motion to dismiss the State's petition with prejudice as required by Rule 5-805(L). *Id.* (providing that a motion to revoke probation shall be dismissed with prejudice if a hearing on the alleged probation violation is not held within the time limits of the rule).

In our calendar notice, we noted that the time limits for a hearing can be extended for "good cause shown." *See* Rule 5-805(K). We proposed to hold that the district court impliedly extended the time limit for the adjudicatory hearing based on

its statement that the court "just screwed up." We proposed to hold that there was not "good cause" for an extension of time based on the fact that the court "screwed up," and we proposed to reverse the district court denial of Defendant's motion to dismiss the revocation petition. In response, the State does not challenge the proposed disposition as discussed in our calendar notice. Instead, the State concedes that the adjudicatory hearing was not held in a timely manner, and that the appropriate disposition is simply to reverse the denial of Defendant's motion and require the district court to enter an order dismissing the petition for probation violation. [MIO 1, 2, 5]

The State argues that because Defendant's probation was continued "pursuant to the terms and conditions of the judgment and sentence and original terms of probation," Defendant was not prejudiced by the untimely adjudicatory hearing. [MIO 5] It appears that the State is claiming that, even if the petition for revocation is dismissed, the result from the district court order will not change. We disagree with the State's claim. The district court did not merely order that the probation as originally ordered be continued. Instead, the district court addressed the State's petition for revocation of probation and found that Defendant violated her probation. In addition, the district court required, "as a special condition of continuing probation," that Defendant successfully complete Totah Behavioral Treatment

Program.  [RP 86]  These actions were the direct result of the State's petition to revoke Defendant's probation, and were not part of Defendant's original probation. Therefore, with the dismissal of the State's petition, all orders that resulted from that petition will be nullified.

For the reasons discussed in this opinion and in our calendar notice, we reverse the district court denial of Defendant's motion to dismiss the State's petition to revoke Defendant's probation.  We remand for entry of an order dismissing the State's petition with prejudice as required under Rule 5-805(L).  With the dismissal of the petition, all orders flowing from the petition are null and void.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**ROBERT E. ROBLES, Judge**

_____
**LINDA M. VANZI, Judge**